HALL v. BASSLER.

(Supreme Court, Appellate Division, Third Department.　June 30, 1904.)

1. REPLEVIN—DETENTION OF PROPERTY—DEMAND—DAMAGES—EVIDENCE.

Plaintiff sued for the possession of a bicycle and damages for wrongful detention. On appeal to the county court a new trial was ordered to determine the damages. Plaintiff failed to appear, and a nonsuit was rendered. Plaintiff instituted a new action, alleging the detention of the bicycle after demand, and claiming the nonsuit was not a bar. The record in the former suit did not show that the judgment in the former action was an adjudication that plaintiff had demanded possession, and such demand was not proved. *Held* that, assuming the nonsuit was not a bar, a judgment for damages for the detention was not sustained.

Appeal from Fulton County Court.

Action by Merton W. Hall against Cyrus Bassler. From a judgment for defendant, plaintiff appeals. Affirmed.

The plaintiff commenced an action against the defendant before a justice of the peace to recover the possession of a bicycle and damages for the wrongful detention of the same after demand for its possession. After a trial said justice rendered a judgment in favor of the plaintiff for the possession of the bicycle, and, in case a delivery of the bicycle could not be had, for the value thereof, which was assessed at $10. The plaintiff appealed to the County Court, and the County Court affirmed the judgment so far as it awarded to the plaintiff the possession of the bicycle, or, in case delivery of the bicycle could not be had, for the value thereof, assessed at $10, but reversed the judgment "for errors of law, and as being contrary to and against the weight of the evidence, so far as it failed to award to the plaintiff any damages for the wrongful detention thereof." The judgment further provides, "It is further ordered that a new trial of the said action be had by and before John W. Burr, Esq., a justice of the peace," at a time and place therein named, "to ascertain, determine, and assess the damages sustained by plaintiff by reason of the defendant's acts in wrongfully withholding the possession of" said bicycle. At the time and place named in said order the defendant appeared before said justice of the peace, but the plaintiff failed to appear, and judgment was rendered by said justice "of nonsuit against the plaintiff and in favor of the defendant, together with the sum of thirty cents costs." Immediately thereafter the plaintiff brought this action against the defendant in justice's court, the complaint in which action alleges that the plaintiff is the owner of the bicycle, and that on the 13th day of September, 1902, he duly demanded possession of the same, which was refused, and that the defendant wrongfully deprived the plaintiff of the use and possession of said property for 46 days, which use was of the value of $46, and demands judgment against the plaintiff therefor. The defendant answered by a general denial, and as a further answer alleges that the several judgments in the prior action are a bar to this action. After a trial the justice of the peace rendered a judgment in favor of the plaintiff against the defendant for $23 and costs. An appeal was taken from such judgment to the County Court, where the judgment was reversed, from which judgment of reversal this appeal is taken.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

Theodore R. Haviland, for appellant.

George H. Witherhead, for respondent.

CHASE, J. The defendant contends that the facts stated in the complaint in the first action constitute a single cause of action, and that the new trial granted by the County Court was only for the purpose of assessing the damages in that action, and that, as the plain-

tiff failed to appear before the justice of the peace pursuant to the order of the County Court, he must either excuse his default, and be heard in that action, or be barred from further remedy. The plaintiff insists that the order of the County Court on the appeal from the first judgment was a severance of the single cause of action, in which severance the defendant has acquiesced, and that the judgment of non-suit before the justice of the peace is not in itself a bar to a further action. Assuming, without deciding, that the plaintiff is right in his contention, it was necessary for him in this action to prove the allegations of his complaint. The record does not show that the judgment in the former action was an adjudication that the plaintiff had demanded the possession of the bicycle, at least at any particular time. It did adjudicate that the plaintiff was entitled to the possession of the bicycle, but, so far as it was an adjudication as to the detention thereof by the defendant, it was an adjudication that the defendant had not detained the same to the plaintiff's damage. The justice's court, in rendering the first judgment, must have found either that the defendant had not detained the bicycle for any period of time after demand, or that his detention thereof had not damaged the plaintiff. The defendant came rightfully into the possession of the bicycle, and it was necessary for the plaintiff, before he could recover, to show in this action that the defendant had detained the bicycle after a demand therefor. The plaintiff, for some reason that is not disclosed, omitted to prove a demand for the bicycle. The judgment for damages for the detention of the bicycle is for an amount more than twice the assessed value of the bicycle detained, and it only could have been rendered on proof of the detention of the bicycle for a considerable period of time.

The evidence before the justice of the peace is not sufficient to sustain the judgment, and the judgment of the County Court reversing the judgment of the justice's court should be affirmed, with costs All concur.